UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Camellia Labarr | : | |
| c/o Piontek Law Office | : | |
| 58 East Front Street | : | |
| Danville, PA. 17821 | : | 21-3850 |
| Plaintiff | : | |
| v. | : | |
| Southwest Credit Systems, LP | : | |
| 4120 International Pkwy Ste 1100 | : | Jury Trial Demanded |
| Carrollton, TX 75007 | : | |
| Defendants | : | |

# COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Jurisdiction and venue is proper in this jurisdiction because Defendants transact business here on a regular basis.

3. A substantial portion of the acts, omissions, transactions or occurrences described in this Complaint took place at or near this jurisdiction.

4. Key witnesses are likely to be located at or near this jurisdiction.

5. Plaintiff is Camellia Labarr, an adult individual residing in Pennsylvania with an address for purposes of this litigation of c/o Piontek Law Office, 58 East Front Street, Danville, PA. 17821.

6. Defendant is Southwest Credit Systems, LP, a business entity with a principle place of business of 4120 International Pkwy Ste 1100, Carrollton, TX 75007.

**COUNT ONE: Violation of FDCPA, 15 USC 1692e et. seq.**
**False and Misleading Communication in**
**Connection with the Collection of a Consumer Debt**

7. The previous paragraphs are incorporated herein by reference.

8. At all times mentioned in this Complaint, Defendant Transworld Systems, Inc. was a "debt collector" as that term is defined by the FDCPA.

9. At all times mentioned herein, Defendant was attempting to collect on an alleged "consumer debt" against Plaintiff, as that term is defined by the FDCPA.

10. The alleged consumer debt that Defendant was trying to collect from Plaintiff was for Plaintiff's personal, household or family purposes.

11. Prior to the commencement of this lawsuit, Plaintiff had a consumer credit account with Comcast.

12. Said Comcast account was a consumer account which was used for Plaintiff's personal and household purposes.

13. Said account was later declared by Comcast to be in arrears and closed in 2018.

14. In approximately February, 2019, Defendant Southwest Credit Systems, LP began servicing said account for Comcast for purposes of collection.

15. Shortly after Defendant began servicing the account for collection purposes, Defendant caused certain derogatory information about the said Sprint account to appear on Plaintiff's Experian consumer report which indicated that Plaintiff owed $860 for the Comcast account.

16. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant Southwest Credit Systems, LP. Defendant was merely servicing the Sprint account for Comcast.

17. At no time has Plaintiff owed any debt to Defendant.

18. At no time has Plaintiff had any accounts open with Defendant.

19. At no time has Plaintiff had any personal credit accounts with Defendant.

20. At no time has Plaintiff had any personal business relationship with Defendant.

21. At no time has Defendant been in possession of a signed contract between Plaintiff and any other entity.

22. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

23. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff ever opened an account with Defendant.

24. On or about July 18, 2021, Plaintiff reviewed her personal credit file maintained by Experian Information Solutions, Inc., ("Experian") a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

25. Defendant's representation to Experian was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. Within the Experian report, Defendant reported that Plaintiff opened the account with Defendant on or about 2/21/2019.

27. Defendant's representation to Experian was false and deceptive because Defendant reported 2/21/2019 as the date the Comcast account was opened when in reality the account was opened in 2018 or earlier and was closed in 2018.

28. The Comcast account which is the subject Defendant's reporting to Experian was closed in 2018.

29. Defendant instead created the false narrative that the account was opened on or about February 21, 2019 thus `making the account appear significantly younger and more recent than it really was.

30. The date that the account is reported as having been opened has an affect on Plaintiff's credit score and creditworthiness.

31. Defendant is clearly engaging in the practice of "re-aging" of the account, in which it creates the false narrative that the account is a new account and thus negatively impacts Plaintiff's credit score and creditworthiness.

32. In light of the facts articulated herein, Defendant engaged in conduct in an attempt to oppress and harass Plaintiff into paying an alleged debt.

33. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

## LIABILITY

34. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

35. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

36. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

## DAMAGES

37. All previous paragraphs of this complaint are incorporated by reference and made a part hereof.

38. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, etc. to Plaintiff's attorney to stop the unlawful collection activity.

39. It is believed and averred that Plaintiff is entitled to $1,000.00 statutory damages under the FDCPA 15 USC 1692k, or other amount approved by this Honorable Court.

40. Plaintiff suffered some emotional distress as a result of Defendant(s) unlawful debt collection activity.

41. The amount of such distress shall be proven at trial.

42. For purposes of a default judgment, the value of such distress is with no less than $5,000.

## ATTORNEY FEES

43. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

44. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1692k.

45. Plaintiff believes and avers that the reasonable value of Plaintiff's services is no less than $350.00 per hour.

46. Plaintiff believes and avers that Plaintiff's is entitled to reasonable attorney fees of $1,750.00 at a rate of $350.00 per hour which includes the following.

    a. Consultation with client and review of file         1 hour

    b. Drafting, editing, review and filing complaint
       and related documents.                              2 hours

    c. Reasonable follow up with Defense and client        2

                                                           _____
                                                           5 hours

    5x $350 = $1,750.00

47. The above stated attorney fees represent work performed up and until the filing of this Complaint as well as reasonable follow up with client and Defense.

48. Plaintiff's attorney fees continue to accrue as this case progresses.

## OTHER RELIEF

49. The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

50. Plaintiff requests such other relief as this court may deem just and proper.

51. Plaintiff demands a jury trial in this matter.

52. Plaintiff seeks fees and costs for prosecuting this action.

53. Plaintiff seeks such other relief as this Honorable Court deems just and proper.

Wherefore, Plaintiff prays for judgment against Defendants jointly and severally in the amount of $12,751.00 enumerated below.

$1.00 actual damages

$1,000.00 statutory damages

$10,000 emotional distress

$1,750.00 attorney fees

_____

$12,751.00

Plaintiff also requests such other relief as this Honorable Court deems just and proper. Plaintiff seeks fees and costs for prosecuting this action.  Plaintiff demands a jury trial.

/s/ Vicki Piontek                                                8/29/2021
_____        _____

Vicki Piontek., Esquire                              Date
Attorney for Plaintiff
58 East Front Street
Danville, PA. 17821
215-290-6444
vicki.piontek@gmail.com
Fax: 866-408-6735